# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0124V
(not to be published)

SCOTT SPELLER,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: May 25, 2023

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Scott Speller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered brachial neuritis as a result of an tetanus-diphtheria-acellular pertussis vaccine administered to him on August 19, 2019. Petition at 1. On January 23, 2023, I issued a decision awarding compensation to Petitioner, based on the parties' stipulation. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,223.92 (representing $19,481.90 for attorney's fees and $742.02 for attorney's

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion"), filed May 17, 2023, ECF No. 44. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 45.

Respondent reacted to the motion on May 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 46. Petitioner did not file a reply thereafter.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $500 for work performed by Ronald Homer - representing a rate increase of $25; $455 for work performed by Meredith Daniels - representing a rate increase of $45; and $320 for work performed by Nathaniel Enos – representing a rate increase of $40. ECF No. 44 at 15-18. And Petitioner requests an hourly rate of $185 for paralegal work performed in 2023. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $19.53 paid for postage and $15.00 for 150 pages of in-house copying costs. ECF 44 at 17, 20-32. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$20,223.92 (representing $19,481.90 in fees and $742.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel,  Ronald Craig Homer.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.